Benedict v. Howell.

---

## BENEDICT v. HOWELL.

1. What a state of the case, sent up by the judge of the District Court of the city of Newark, to the Court of Common Pleas, shall contain, will depend on the nature of the legal decision to be reviewed. If the objection is to the rejection or admission of evidence, the state of the case should comprise so much of the case and of the prior evidence as will fairly present the legality of the judge's ruling. If the case be tried by a jury, and exception has been taken to the charge, it should contain so much of the evidence as will submit to the Court of Common Pleas the propriety of the instructions given. If it be tried by the judge, and the complaint is of the legal principles on which the issue was decided, it should contain only the facts as found by the judge— his determination in that respect being final.

2. If the judge refuses to make and sign a state of the case, he may be compelled to do so by *mandamus;* and if a state of the case has been made and signed, but is defective, the Court of Common Pleas may require the judge to certify in relation to such matters wherein the state of the case is found to be deficient, and his return to a rule to certify will be conclusive. Neither this court, on *mandamus*, nor the Court of Common Pleas, on an alleged defect in the case stated, will take affidavits of what occurred in the District Court, and compel the judge to embody, in his certificate of the case, the facts so ascertained.

3. A writ of *mandamus* will lie to the judges of an inferior court to seal a bill of exceptions, but not to settle it in a particular way. The writ when issued will be in the alternative form, *quod si ita est,* and if it be returned *quod non ita est,* it is sufficient.

4. Where the thing in issue, on an application for a *mandamus*, relates to a matter with respect to which an inferior court or special tribunal is,

by law, invested with a discretionary power to decide questions of law or to ascertain matters of fact, the court will not, by proceedings by *mandamus*, usurp the power to dictate how the discretion shall be exercised, or to decide what conclusions of law or of fact shall be reached.

On rule to show cause why a *m ndamus* should not issue.

Argued at November Term, 1876, before Justices DEPUE, VAN SYCKEL and KNAPP.

For the rule, *John A. Cobb.*

*Contra, F. W. Stevens.*

The opinion of the court was delivered by

DEPUE, J.   A *mandamus* is applied for in this case, to be directed to the judge of the first District Court of the city of Newark, commanding him to send up to the Court of Common Pleas of the county of Essex, a statement of the case in the said cause.

District Courts in the city of Newark were established by the act of 1873.   *Acts*, 1873, *p.* 245.

By Section 11, it is provided that the cause may be tried by the judge or by a jury, and the determination of the judge, or the verdict of the jury, is made final and conclusive upon questions of fact, except that power is given to the judge, for good cause, to set aside the verdict of the jury and grant a new trial.   By Section 12, provision is made for a review of the decisions of the court on points of law, and upon the admission or rejection of evidence.   No appeal is given upon the facts.   If the Court of Common Pleas, on the hearing of the appeal, finds errors in law, the cause is sent back, either for a new trial, or for judgment in conformity with its opinion, according to the circumstances of the case.   *Guerin* v. *Rodwell*, 8 *Vroom* 71.

The mode of prosecuting an appeal is provided for in Sections 13 and 14.   It shall be upon a case agreed upon by

both parties or their attorneys, and if they cannot agree, the judge, on being applied to, shall settle the case and sign it, and the cause is heard by the Court of Common Pleas on the case so agreed on or stated.

What the state of the case shall contain, will depend on the nature of the legal decision to be reviewed. If the objection is to the rejection or admission of evidence, the state of the case should comprise so much of the case and of the prior evidence as will fairly present the legality of the judge's ruling. If the case be tried by a jury, and exception has been taken to the charge, it should contain so much of the evidence as will submit to the Court of Common Pleas the propriety of the instructions given. If the case be tried by the judge, and the complaint is of the legal principles on which the issue was decided, it should contain only the facts as found by the judge—his determination in that respect being final.

If the judge, on a disagreement of the attorneys, refuses to make and sign a state of the case, he may be compelled to perform that duty by this court by writ of *mandamus*, and if a state of the case has been made and signed, but it appears to be defective, the Court of Common Pleas, as a court of review, may, in analogy with the practice of this court on *certiorari*, require the judge to certify in relation to such matters wherein the state of the case is found to be deficient, and his certificate so made will be part of the case on which the alleged errors will be heard.

But neither this court, on an application for a *mandamus*, nor the Court of Common Pleas, on an alleged defect in the case stated, can take affidavits and determine what occurred in the District Court, and compel the judge to embody the information so obtained in his certificate of the case.

The general rule is, that a *mandamus* will be issued to a court or judicial tribunal, only to direct the court to proceed, but not to direct it how to proceed, or what particular judgment to give. *Roberts* v. *Holsworth*, 5 *Halst.* 57 ; *Squier* v. *Gale*, 1 *Halst.* 157. To this general rule there is an excep-

tion in cases where the thing sought to be commanded is one that the court to which the writ is sent has no discretion to refuse, as, for instance, to compel the giving of judgment on a verdict where the court has no power to set aside the verdict, or to award execution on a judgment where the court has no power to withhold it. *Cortelyou* v. *Ten Eyck*, 2 *Zab.* 45; *Terhune* v. *Barcalow*, 6 *Halst.* 38; *Lavid* v. *Abrahams*, 3 *Green* 22. The use of the writ to compel the Court of Common Pleas to restore an appeal, has been supposed to be in violation of this general rule. But as was said by Chief Justice Ewing, in Roberts *v.* Holdsworth, and Justice Dayton, in *Stout* v. *Hopping*, 2 *Harr.* 472, the command to restore the appeal is in effect nothing more than ordering the court to proceed to try the cause, without directing the manner in which they should proceed.

The principle which underlies all the cases and governs the courts in the use of the writ of *mandamus*, is, that where the thing in issue, on an application for the writ, relates to a matter with respect to which an inferior court or special tribunal is, by law, invested with a discretionary power, or with the jurisdiction to decide questions of law or to ascertain matters of fact, the court will not, by proceedings by *mandamus*, usurp the power to dictate how the discretion shall be exercised, or to decide what conclusions of law or of fact shall be reached.

A *mandamus* will not lie to an inferior court to compel it to receive a plea, (*Anonymous*, 2 *Halst.* 160;) or to set aside a judgment and grant a new trial, (*Squier* v. *Gale*, 1 *Halst.* 157;) or to vacate a rule setting aside an execution, (*Vanderveer* v. *Conover*, 1 *Harr.* 271;) or to record the return of a road, which had been set aside for alleged defects, (*Stout* v. *Hopping*, 2 *Harr.* 471,) though the decision be erroneous. Nor will it issue to alter the minutes of a verdict according to the fact, or to cancel an alteration in such minutes, on a representation that the verdict was erroneously entered. *The King* v. *Hewes*, 3 *Ad. & El.* 725. It will not lie to compel a judge or a court to accept a bond which has been passed

upon and adjudicated to be insufficient. *High on Extraordinary Remedies*, § 164. Other instances in which the courts have declined to control, by the use of this writ, those in whom authority is vested to determine or give judgment, by directing in what manner their duties shall be performed, will be found in the notes to *Fish* v. *Weatherwax*, 2 *Johns. Cas.* 217, 218, § 14, *v.*

A writ of *mandamus* will lie to the judges of a court to seal a bill of exceptions, but not to settle it in a particular way. The writ when issued will be in the alternative form, *quod si ita est*, and if it be returned *quod non ita est*, it is sufficient. *Sikes* v. *Ransom*, 6 *Johns*. 279 ; *Delavan* v. *Boardman*, 5 *Wend.* 132, *note ; Ex parte Tweed*, 1 *Hun* (*N. Y. Supreme Court,*) 252 ; *High on Extraordinary Remedies*, § 202.

In the present case, the attorneys having disagreed, the judge, on being applied to, made out a state of the case and signed it. This state of the case was filed with the clerk of the Court of Common Pleas, and purports to contain the facts established before him. If the state of the case was defective, the remedy of the party was by application to the Court of Common Pleas for a rule on the judge to certify the omitted facts. On such rule, his return will be conclusive, and cannot be contradicted by affidavits. *Scott* v. *Beatty*, 3 *Zab.* 256 ; *Paterson and Ramapo R. R. Co.* v. *Ackerman*, 4 *Zab.* 535.

But waiving all reference to the form of this proceeding—under the facts as disclosed by the depositions taken under this rule—the state of the case made and signed by the judge, contained all that was necessary to be inserted in it. The cause being tried before the judge, without a jury, and the complaint being of the legal principles on which the case was decided, and not of the illegal admission or rejection of evidence, the state of the case should contain only the facts found by the judge, and not the testimony before him.

Furthermore, the testimony alleged to have been omitted, was irrelevant and illegal.

The suit was brought against the prosecutor, on book account, to recover for goods sold and delivered. The contro-

versy was whether the sale was to the prosecutor or to his father. The account had been assigned to one William A. Perry, and the action was in the name of Howell, to the use of Perry. The omitted testimony was, that Howell, "when it came to his knowledge that the account had been assigned, said it was a mistake—that it ought not to have been assigned."

Perry, as assignee, succeeded only to the rights of his assignor, and every defence relating to the original credit which could have been made against Howell, was equally available against him. Whether the account had or had not been assigned, was immaterial. If the testimony could be supposed to be of any consequence in depriving Perry of his rights as assignee, it was illegal. Howell having assigned the account, could not defeat or impair the assignment by subsequent declarations. The rights of an equitable assignee will be protected in a court of law. *Henry* v. *Milham*, 1 *Green* 266 ; *Sloan* v. *Sommers*, 2 *Green* 509.

The rule to show cause should be discharged, with costs.