EDWARD C. JONES COMPANY, RELATORS, v. THE TOWN OF GUTTENBERG AND THE BOARD OF COUNCILMEN OF SAID TOWN.

Argued June 6, 1900—Decided February 25, 1901.

1. A municipal corporation was authorized by statute to issue its bonds for the purpose of liquidating the portion of its indebtedness incurred for street improvements; the amount of the issue to be limited to the amount of such indebtedness, with accrued interest. Pursuant to such authority the municipality adopted a resolution for the issuing of $90,000 of its bonds for the purpose aforesaid; and subsequently adopted a further resolution to execute and deliver such bonds to J. & Co. at an agreed upon price. The validity of these resolutions was afterwards attacked by *certiorari*, and was judicially affirmed. The municipality, notwithstanding, refuse to issue the bonds, and, as a reason for such refusal, state, in their return to an alternative writ of *mandamus*, sued out by J. & Co. to compel the execution and delivery of such bonds, that the amount of its indebtedness, to liquidate which the bonds were resolved to be issued, was incorrectly set out in said resolution, and was less than $90,000. The truth of this statement being admitted by the relators—*Held*, that a peremptory writ of *mandamus* to compel the issuing of such bonds should be refused.

2. The power to issue a writ of *mandamus* is a discretionary one and will never be exercised for the purpose of compelling municipal officers to perform an act which, on the hearing of the application for the writ, is conclusively shown to be illegal, notwithstanding the existence of a prior adjudication affirming the validity of such act.

On demurrer to return to alternative writ of *mandamus*.

Before DEPUE, CHIEF JUSTICE, and Justices GUMMERE and FORT.

For the demurrants, *Corbin & Corbin*.

*Contra*, Charles C. Black.

The opinion of the court was delivered by

GUMMERE, J. The relators, by this proceeding, seek to compel the town of Guttenberg to issue and deliver to them

$90,000 of its bonds, upon payment to it by the relators of $100.25 for every $100 of such bonds.

It appears by the allegations, contained in the alternative writ, that the right of the relators to have these bonds issued to them is based upon a resolution of the board of councilmen providing for the issuing of bonds to that amount, under authority conferred by an act of the legislature hereinafter more particularly referred to, and a subsequent resolution accepting the bid of the relators for such issue. It further appears, by said allegations, that the legality of these resolutions was tested, by proceedings in *certiorari* at the suit of one Herrman against the municipality, and that their validity was affirmed by this court, and subsequently by the Court of Errors and Appeals.

The act of the legislature, under authority of which these resolutions were passed, is entitled "An act authorizing towns to issue bonds for the purpose of raising money to pay certain bonds and improvement certificates, and interest thereon, and judgments recovered thereon, heretofore legally issued and now due," approved March 9th, 1898. *Pamph. L., p.* 63. By the first section of this act it is provided that the amount of bonds which may be issued thereunder shall not exceed the total amount due by the town on bonds and improvement certificates legally issued by the town for, or on account of, any street improvement and then remaining unpaid, and for the payment of interest due thereon, and of any judgments recovered on any such bonds or improvement certificates.

The defendants, as a reason for their failure to issue these bonds to the relators, set up, in their return to the alternative writ, that the town does not owe $90,000 of debt as is set forth in the resolution providing for the issuing of bonds to that amount. By their demurrer the relators admit the truth of this statement. Accepting the statement as true, it is manifest that the municipality is without power to issue the bonds, and that, consequently, this court should not, by its writ of *mandamus,* compel it to do so. And this is so, notwithstanding the prior decision of this court affirming the validity of the resolutions above referred to, for a reading of

the statute of 1898 makes it evident that the adjudication must have been obtained by falsely representing to the court that the total amount of the town's indebtedness, on bonds and improvement certificates issued on account of street improvements, with interest thereon, and on judgments recovered on such bonds or certificates, was equal to, or in excess of, the proposed issue of bonds. And this is stated to be the situation in the opinion of this court in *Herrman* v. *Guttenberg,* 33 *Vroom* 605, 608, where it is said "the amount for which the bonds should be issued is clearly shown by these proceedings [*i. e.,* the proceedings of the board of councilmen], and by the proofs, to have been correctly ascertained, and it exceeds the amount of $90,000."

The power of this court to issue its writ of *mandamus* is a discretionary one, and will never be exercised for the purpose of compelling the officers of a municipal corporation to perform an act which, on the hearing of the application for the writ, is conclusively shown to be illegal, notwithstanding the existence of a prior adjudication affirming the validity of such act.

The defendants are entitled to judgment on the demurrer.