JULIUS USZKAY, RELATOR, v. WILLIAM L. DILL, COMMISSIONER OF MOTOR VEHICLES, DEFENDANT.

Argued February 18, 1919—Decided February 19, 1919.

A court will not, except in a case of palpable unreasonableness in the exercise of a power, direct an administrative officer to exercise the power committed to him in any particular manner. To warrant the issuing of a writ of *mandamus* the right of the petitioner to it must be clear and the public duty sought to be enforced must be clear and specific.

On application for a writ of *mandamus*.

Before Justices PARKER and MINTURN.

For the prosecutor, *William Reich.*

For the defendant, *Thomas F. McCran,* attorney-general, and *William Newcorn,* assistant attorney-general.

The opinion of the court was delivered by

MINTURN, J.   The relator, a resident of Trenton for the past eleven years, is an enemy alien, being a native of Austro-Hungary.   The allegation is that the commissioner of motor vehicles has refused to grant him a license as a chauffeur or driver of an automobile upon the ground that he is an enemy alien, and as such during the existing state of war is not entitled to claim and obtain the privilege he seeks.   The defendant exercises the power of granting licenses under the acts of the legislature contained in 3 *Comp. Stat., p.* 3430, § 11, as amended by *Pamph. L.* 1915, *p.* 234, which authorizes him "to license at his discretion," and to refuse to grant a license "to any person who shall in the estimation of said commissioner be an improper person to be granted such a license." This is not a case where we are required to pass upon the propriety of the act of the commissioner in refusing a license in the given instance, as the argument of the relator would seem to indicate.   It might be said that during a state of war the commissioner would be within his right, if not entirely within a proper conception of his duty in the premises, in taking notice of the fact that a state of war exists between the United States and Austro-Hungary, and that public policy would therefore warrant him in refusing a license to any person who by reason of the privilege and power committed to such person may be placed in a position by the possession of the instrumentality or mechanism placed at his disposal to prejudice or injure the conduct of the war by the United States.   But we are not called upon under the status that this case presents of entering into a discussion of that question.

For the rule of law upon an application of this nature is that the court will not except in a case of palpable unreasonableness in the exercise of the power, direct an administrative officer to exercise the power committed to him in any particular method. *West Jersey and Seashore Railroad Co.* v. *Public Utility Board,* 87 *N. J. L.* 170; *Benedict* v. *Howell,* 39 *Id.* 221.

To warrant the issuing of the writ in any case the right of the petitioner to it must be clear and the public duty sought to be enforced must be clear and specific. The writ is never granted in a doubtful case. *State* v. *Newark,* 35 *N. J. L.* 396; *High Ex. Leg. Rem.* 12; *Secaucus* v. *Kiesewetter,* 83 *N. J. L.* 227.

The situation presented by the present case is that the commissioner does not refuse to act, but as a fact has acted, but has acted adversely to the status claimed by the relator as his right. In such a situation *mandamus,* except in a case of clear and palpable violation of legal duty, or of a palpable and unreasonable exercise of such duty, will not lie.

In *Newark* v. *Lewis, Commissioner,* 82 *N. J. L.* 279, 281, this court declared that it is "by no means clear that *mandamus* is the proper remedy in such a case, * * * which, it will be observed, is not to compel a public officer to do something that he is by law required to do and has failed or refused to do, but to compel him to do in a different way what he has already done. *Certiorari* would seem to be the proper remedy." That case was subsequently affirmed upon the opinion in 83 *Id.* 802.

We are inclined, therefore, to deny the writ. But since the question presented is one of public importance at the present juncture, we are willing that an alternative writ of *mandamus* should go as the basis for a judgment record for the purpose of enabling the Court of Errors and Appeals to deal with the question during the approaching term.