177 N.J. Super. 541 (1981)
427 A.2d 113
JOHN W. DEHART, JR., AND ROBERT E. DEHART, PLAINTIFFS-APPELLANTS,
v.
W. LEWIS BAMBRICK, CLERK OF THE SUPERIOR COURT OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 25, 1980.
Decided March 2, 1981.
*544 Before Judges MICHELS, ARD and FURMAN.
George G. Rosenberger, Jr., argued the cause for appellants (Butler, Butler & Rosenberger, attorneys).
Jonathan L. Williams, Deputy Attorney General, argued the cause for respondent (John J. Degnan, Attorney General of New Jersey, attorney; Stephen Skillman, Assistant Attorney General, of counsel; Thomas F. Marshall, Deputy Attorney General, on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
*545 Plaintiffs John W. DeHart, Jr. and Robert E. DeHart appeal from a summary judgment of the Chancery Division which dismissed their complaint seeking to compel defendant W. Lewis Bambrick, Clerk of the Superior Court of New Jersey (clerk), to sign and file a judgment foreclosing all right of redemption in the properties covered by the tax sale certificates purchased by their predecessor in title, John DeHart, Sr. The issue posed by this appeal is whether N.J.S.A. 54:5-79 of the New Jersey Tax Sale Law requires that a tax sale certificate actually be foreclosed on or before 20 years from the date of its sale or whether the statutory 20 year period of limitation is tolled simply by the institution of an action to foreclose the equity of redemption. The clerk, following the former acting standing master's construction of the statute, concluded that the equity of redemption must actually be foreclosed, that is, the foreclosure must be completed by obtaining and filing a judgment within the 20-year period prescribed by N.J.S.A. 54:5-79. He, therefore, refused to sign and file the judgment of foreclosure. We agree and affirm.
On June 23, 1958, John DeHart, Sr. purchased two certificates of sale for unpaid municipal tax liens. The certificates covered properties that are identified as Block 39, Lot 14, and Block 39, Lots 18-21, on the tax maps of Monroe Township, Gloucester County, New Jersey. On June 19, 1978, four days prior to the expiration of the 20-year period of limitation set forth in N.J.S.A. 54:5-79, plaintiffs filed a complaint in the Chancery Division seeking to foreclose the right of redemption of the owners of the property who were named as defendants. These owners did not redeem the certificates and on October 16, 1978, plaintiffs obtained an order directing the entry of a judgment of foreclosure in the Chancery Division. The order was obtained after the 20-year statutory period of limitation had expired.
On December 18, 1978 plaintiff presented a form of judgment of foreclosure to the clerk for signature and filing. However, the clerk refused to sign and file the judgment because plaintiffs *546 had failed to complete the foreclosure procedure within the 20-year period set forth in N.J.S.A. 54:5-79. On December 20, 1978 the foreclosure unit in the clerk's Office confirmed the refusal in a letter it sent to plaintiffs, stating that:
Judgment cannot be entered in this case since the tax certificate is void at the expiration of 20 years from the date of sale NJSA 54:5-79.
The complaint states that the sale was held on June 23, 1958. Since the foreclosure of the right of redemption was not completed before June 23, 1978, the certificate is void.
On March 8, 1979 plaintiffs instituted this action by a complaint in lieu of prerogative writs seeking to compel the clerk to sign and file the judgment of foreclosure. Defendant filed an answer, asserting by way of separate defense that the action was barred because (1) it was not commenced within 45 days after the accrual of the right to the claimed relief, as required by R. 4:69-6(a), and (2) plaintiffs failed to comply with the provisions of N.J.S.A. 54:5-79. Defendant's motion for summary judgment on the latter ground was granted. The stenographer's notes of the summary judgment hearing, including the trial judge's decision, have been lost, and we have not been furnished with the trial judge's decision or reasons for granting the motion. Plaintiffs appealed.

I
Preliminarily, we disagree with the clerk's contention that plaintiffs' only remedy to review his action in refusing to sign and file the judgment was by a direct appeal to the Appellate Division pursuant to R. 2:2-3, and not by instituting an action in lieu of prerogative writs under R. 4:69-1. The signing and filing of a judgment is simply a ministerial act, the performance of which can be compelled by an action in lieu of the former prerogative writ of mandamus. However, for mandamus to lie, there must be a clear and definite right to the performance of the ministerial act or duty. Switz v. Middletown Tp., 23 N.J. 580, 587-588 (1957); Reid Development Corp. v. Parsippany-Troy Hills Tp., 10 N.J. 229, 237-238 (1952); Union Cty. v. Benesch, 103 N.J. Super. 119, 125 (App.Div. 1968); Finn v. *547 Wayne Tp., 45 N.J. Super. 375, 380 (App.Div. 1957). In this regard, the Supreme Court's discussion of the nature of the remedy of mandamus in Switz v. Middletown Tp., supra, is worthy of repetition:
The generally accepted limitations upon the exercise of the ancient extraordinary remedy of mandamus obtain in New Jersey. It is a coercive process that commands the performance of a specific ministerial act or duty, or compels the exercise of a discretionary function, but does not seek to interfere with or control the mode and manner of its exercise or to influence or direct a particular result. Mandamus lies to compel but not control the exercise of discretion. Roberts v. Holsworth, 10 N.J.L. 57 (Sup.Ct. 1828); Benedict v. Howell, 39 N.J.L. 221 (Sup.Ct. 1877). Unless the particular duty be peremptory, the fair exercise of judgment and discretion is the province of the functioning authority. The right of the relator and the public duty sought to be enforced must be both clear and certain. Uszkay v. Dill, 92 N.J.L. 327 (Sup.Ct. 1919); Edward C. Jones Co. v. Town of Guttenberg, 66 N.J.L. 58 (Sup.Ct. 1901), affirmed Id., 66 N.J.L. 659 (E. & A. 1901); Clark v. City of Elizabeth, 61 N.J.L. 565 (E. & A. 1898). Mandamus issues "to compel the performance, in a specified manner, of ministerial duties so plain in point of law and so clear in matter of fact that no element of discretion is left as to the precise mode of their performance, but as to all acts or duties depending upon a jurisdiction to decide questions of law or to ascertain matters of fact, on the part of the officer or body at whose hands their performance is required, mandamus will not lie." Mooney v. Edwards, 51 N.J.L. 479 (Sup.Ct. 1889).

Mandamus is a legal remedy for the protection of purely civil rights. Time has worked changes in the early commonlaw concept of mandamus as a prerogative writ save when invoked in matters of direct concern to the public, but as an ordinary writ of right to remedy official inaction. In New Jersey, prior to the adoption of the 1947 Constitution, the issuance of the writ ordinarily involved the exercise of a sound discretion; but in the enforcement of private rights the lawful exercise of discretion excluded mere caprice or arbitrary action and required that the rights of the parties in the particular case be declared and enforced according to law. [23 N.J. at 587-588]
Accordingly, we hold that the proper remedy to challenge the clerk's refusal to complete the foreclosure here was by a complaint in lieu of prerogative writs, albeit, the action should have been brought in the Law Division, not the Chancery Division.
However, we agree with the clerk that the action was not timely instituted. R. 4:69-6(a) expressly provides that "[n]o action in lieu of prerogative writs shall be commenced later than 45 days after the accrual of the right to review, hearing or relief *548 claimed...." Plaintiffs' right to the relief claimed accrued on December 18, 1978, when the clerk refused to sign and file the judgment. Even assuming that the right to such relief did not accrue at that moment, it accrued no later than December 20, 1978, when the foreclosure unit in the clerk's office notified plaintiffs in writing of the reason why the judgment would not be entered. Plaintiffs did not institute this action until March 8, 1979, substantially beyond the 45-day limitation set forth in the rule.
While we recognized that R. 4:69-6(c) empowers the court to enlarge the time period for commencing a prerogative writs action when it is manifest that the interest of justice so requires, no reason has been established here for the exercise of such power. The enlargement provisions of paragraph (c) was intended simply "to restate in the form of a generalized standard, decisional exceptions which had already been engrafted upon the rule." Schack v. Trimble, 28 N.J. 40, 48 (1958). These exceptions include (1) important and novel constitutional questions; (2) informal or ex parte determinations of legal questions by administrative officials which do not involve "a sufficient crystalization of a dispute along firm lines to call forth the policy of repose," and where the right to relief depends upon determination of a legal question, and (3) an important public rather than a private interest which requires adjudication or classification. See Brunetti v. New Milford, 68 N.J. 576, 586 (1975); Schack v. Trimble, supra, 28 N.J. at 47-49; Oldfield v. Stoeco Homes, Inc., 26 N.J. 246, 262 (1958); McKenna v. N.J. Highway Auth., 19 N.J. 270, 276, 282 (1955); Thornton v. Ridgewood, 17 N.J. 499, 508-510 (1955); Holloway v. Pennsauken Tp., 12 N.J. 371, 374-375 (1953). See, also, Pressler, Current N.J. Court Rules, Comment R. 4:69-6 (1981). Here, however, the claim is not of constitutional dimensions. Moreover, the issue was crystalized when the clerk refused to sign and file the judgment. And finally, the claim is an entirely private matter, not one of general public importance. Thus, we find no sound *549 reason to relax the time limitations of R. 4:69-6(a) and hold that the action is barred by the rule.

II
Even if this action were not time-barred, we are satisfied that the summary judgment must be affirmed because plaintiffs failed to obtain a judgment of foreclosure of the right to redeem the tax sale certificates within 20 years of the date of their sale as required by N.J.S.A. 54:5-79. The statute controlling this appeal (L. 1954, c. 211, § 1) provided:
The title of a purchaser at a sale shall cease and determine and the certificate of sale shall be void at the expiration of 20 years from the date of the sale, unless the purchaser, his heirs or assigns shall, before the expiration of that term, enter into actual possession of the land purchased, or foreclose the right to redeem it by notice or by a civil action in the nature of a proceeding in equity and record the evidence thereof, as provided in this chapter; provided, however, that this act shall not apply to titles acquired by a municipality under certificates of tax sales purchased and held by it at tax sales conducted therein which titles so acquired and certificates of tax sales are hereby expressly exempted from said limitation period of 20 years. [Emphasis supplied]
Our function is to ascertain the intention of the Legislature from the plain meaning of the statute and apply it to the facts. Watt v. Franklin, 21 N.J. 274, 277 (1956). Since the statute is clear and unambiguous, it is not open to construction or interpretation and we may not indulge in any interpretation other than that called for by its express language. Ibid; Duke Power Co. v. Patten, 20 N.J. 42, 49 (1955); 2A Sutherland, Statutes and Statutory Construction (4 ed. 1973), § 45.02 at 4-5. Furthermore, the words and phrases contained in the statute should be given their ordinary and well understood meaning. Fahey v. Jersey City, 52 N.J. 103, 107 (1968); Kingsley v. Hawthorne Fabrics, Inc., 41 N.J. 521, 526 (1964). See, also, N.J.S.A. 1:1-1.
N.J.S.A. 54:5-79 declared that tax sale certificates would be void after 20 years unless the purchasers, his heirs or assigns (1) entered into actual possession of the land or (2) foreclosed the right to redeem it by notice, or by a civil action in the nature of *550 a proceeding in equity and recorded the evidence thereof. The generally accepted meaning of the word "foreclose" is "to shut out; to bar, to terminate." Black's Law Dictionary (rev. 4 ed. 1968), at 775. See, also, Webster's Third New International Dictionary (unabr. ed. 1971), at 888. Similarly, in Milmore v. Zimmerman, 97 N.J. Eq. 326, 328 (E. & A. 1925), the court, in defining the term "to foreclose" contained in L. 1918, c. 237, § 49 (which is now N.J.S.A. 54:5-86 of our Tax Sale Law), held it to mean "to end or terminate."
The institution of a foreclosure action by itself does not satisfy the mandate of N.J.S.A. 54:5-79. To bar or terminate the equity of redemption in a tax sale certificate, the purchaser, or his heirs or assigns, must complete the foreclosure proceeding within the 20-year period. N.J.S.A. 54:5-79 plainly requires that the evidence of the foreclosure be recorded. The only acceptable evidence of a foreclosure is the entry of a judgment by the clerk. It is the filing or docketing of the judgment in the clerk's office which effectively bars or terminates the right of redemption as of the close of business the day on which the judgment is docketed. See Landa v. Adams, 162 N.J. Super. 318, 322 (App.Div. 1978). Until such judgment is docketed there is no evidence of foreclosure as required by the statute.
Contrary to plaintiffs' claim, the filing of a complaint to foreclose the right of redemption within the 20-year period does not toll the running of the statutory period set forth in N.J.S.A. 54:5-79. This statute plainly requires that the judgment be recorded within 20 years from the date of sale. In this respect N.J.S.A. 54:5-79 is different from the ordinary or usual statute of limitation, the running of which is tolled simply by the commencement of an action. See, e.g., N.J.S.A. 2A:14-1; N.J.S.A. 2A:14-2; N.J.S.A. 2A:14-3; N.J.S.A. 2A:14-4 and N.J.S.A. 2A:14-7, all of which require that the action "shall be commenced within" a specified period of time.
*551 Accordingly, since plaintiffs failed to obtain and present the judgment foreclosing the right of redemption within the 20-year period provided by N.J.S.A. 54:5-79, the tax sale certificates were void, and therefore the clerk properly refused to sign and file the judgment of foreclosure.
Affirmed.