592 A.2d 283

JOHN J. FINN AND MARGARET M. FINN, PLAINTIFFS–APPELLANTS, v. MAYOR AND COUNCIL OF THE BOROUGH OF NORWOOD, JOHN GUERCIO, INDIVIDUALLY AND AS TAX ASSESSOR OF THE BOROUGH OF NORWOOD AND THE BOARD OF ADJUSTMENT OF THE BOROUGH OF NORWOOD, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 25, 1988—Remanded August 3, 1988.
Reargued June 4, 1991—Decided June 25, 1991.

Before Judges MICHELS, BRODY and D'ANNUNZIO.

*Michael J. Sprague* argued the cause for appellants (*Hoffmann, Wertalik & Sprague,* attorneys).

*Michael A. Certone, Jr.,* argued the cause for respondent Mayor and Council of the Borough of Norwood (*Francis J. DeVito,* attorney).

*Lorraine Teleky–Petrella* argued the cause for respondent John Guercio.

*Bruce S. Koppel* argued the cause for respondent Board of Adjustment of Borough of Norwood.

The opinion of the court was delivered by

D'ANNUNZIO, J.A.D.

This case involves the validity of a 1985 ordinance authorizing an exchange of lands between the borough and its tax assessor Guercio. In our earlier opinion, *Finn v. Mayor and Council of the Borough of Norwood,* 227 *N.J.Super.* 69, 545 *A.2d* 807 (App.Div.1988), we remanded for additional findings and proceedings. The 1985 assessed value of the lots to be conveyed to the borough by Guercio was to be determined on

remand. The 1985 assessed value is significant because the statute authorizing the exchange of lands provides in part that the lands to be conveyed to the municipality "shall be valued at no more than the 'full and fair value' determined for the land ... by the assessor ... pursuant to *R.S.* 54:4–23 for the then current tax year." *See Finn, supra,* 227 *N.J.Super.* at 75, 545 *A.*2d 807.

On remand the parties stipulated that the 1985 assessed value of the lots to be conveyed to the borough totalled $7,600. The ordinance at issue recites that the minimum value to be attributed to the Guercio lots was $31,000, approximately four times the 1985 assessed value. We conclude, therefore, that on its face the 1985 ordinance violates *N.J.S.A.* 40A:12–16.

We reject respondents' contention that the 1985 assessed value should be disregarded because it was artificially low and that the 1986 assessed value established pursuant to a revaluation ordered by the county board of taxation should be considered. The 1986 assessment was $39,700. It is fundamental that "the meaning of a statute ... must be sought in the language in which the act is framed, and if that is plain, ... the sole function of the courts is to enforce it according to its terms." *Sheeran v. Nationwide Mut. Ins. Co., Inc.,* 80 *N.J.* 548, 556, 404 *A.*2d 625 (1979) (quoting *Caminetti v. United States,* 242 *U.S.* 470, 485, 37 *S.Ct.* 192, 194, 61 *L.Ed.* 442, 452 (1917)). *See State v. Maguire,* 84 *N.J.* 508, 528, 423 *A.*2d 294 (1980); *Vreeland v. Byrne,* 72 *N.J.* 292, 302, 370 *A.*2d 825 (1977); *DeHart v. Bambrick,* 177 *N.J.Super.* 541, 549, 427 *A.*2d 113 (App.Div.1981). *See also* 2A N. Singer, *Sutherland, Statutory Construction,* § 46.01 at 48–49 (Sands 4th Ed.1973).

We conclude that the unambiguous language of *N.J.S.A.* 40A:12–16 establishes a bright line benchmark for the exchange of municipal lands. That benchmark is the assessed value at the time the exchange is authorized by ordinance. The value parameter of not more than the current assessed value was introduced in 1971 when the Legislature enacted a substantial

revision of the statutes authorizing sales and exchanges of municipal lands. *L.*1971 *c.* 199. *See Finn, supra,* 227 *N.J.Super.* at 75, n. 1, 545 *A.*2d 807. It was added to the revision at the urging of Governor Hughes when he returned Senate Bill No. 283 "with my objections, for reconsideration." *Governor's Reconsideration and Recommendation Message,* S.B. 283 (November 17, 1969). The Governor recommended that "the number of private transactions not subject to public bidding be severely limited," and that standards "be established which ensure that the public will receive its money's worth and that favoritism on the part of public officials is limited or eliminated."

As to the prices paid by public agencies for land, the Governor stated:

> In particular, I have long been struck by the disparity which often appears between the values of land when assessed for tax purposes and its value when purchased by a public agency. The contrast is all the more striking, since both standards are meant to reflect the real market value of the property. Either the public agency is paying too much for the land it is buying, or the property in question has benefited from underassessment and a "tax break" at the expense of the municipality's other homeowners. Indeed, there may be instances in which there has been favoritism in determining the assessed value for tax purposes, a favoritism which may be compounded by the subsequent purchase of the property by the county or municipality at an inflated price. It seems to me that our local taxpayers will be better served by a requirement that either the land not be purchased at a price higher than its assessed value, or that the owner should pay his fair share of back taxes which would have been paid if the land had been properly assessed at its true market value. I have therefore recommended changes to that effect in both Title 40 and Title 20.

The Legislature accepted the Governor's recommendation when it adopted the value parameter of "not more than" the property's assessed value. We perceive no basis for deviating from the Legislature's clearly expressed intent. Consequently, the judgment is reversed and the 1985 ordinance is invalidated. In light of this disposition of the appeal, we deem it unnecessary to address the other issues considered on remand.

Reversed.