257 N.J. Super. 138 (1992)
607 A.2d 1378
STATE OF NEW JERSEY
v.
EVA ALFANO, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal), Monmouth County.
Argued November 15, 1991.
Decided April 24, 1992.
*140 John Kaye, Prosecutor, County of Monmouth, representing the State of New Jersey, Anita R. White, appearing.
John J. Koerner, Attorney, for the defendant.
O'HAGAN, ROBERT W., J.S.C.
Defendant Eva Alfano pled guilty to a charge of obtaining CDS by fraud in violation of N.J.S.A. 2C:35-13. The court imposed sentence placing the defendant on probation and ordering the payment of fines and penalties. Mrs. Alfano's driving privileges were suspended pursuant to N.J.S.A. 2C:35-16 for the minimum mandatory period of six months. A controversy has arisen concerning the date the suspension will commence.
Defendant, who is 35 years old, married and the mother of five children, wished to postpone the period of suspension in order that she might pursue out-patient rehabilitation treatment for her drug problem. She relates that her husband is employed outside the home with only one day off each week. The defendant has enrolled in, and is now actively pursuing, drug rehabilitation treatment six days per week at several locations and facilities including a local hospital, a methadone clinic, as well as Alcoholics Anonymous and Narcotics Anonymous meetings four days per week at two separate locations. Because the facilities are located some distance from her home and there is no direct public transportation available, Mrs. Alfano must drive to each treatment center. She contends that there are no friends or relatives available to drive her for treatment while her husband cannot do so because of the demands of his employment. The defendant, therefore, argues that a suspension of her driving privileges on the day of sentence would mean she could no longer attend drug rehabilitation treatment *141 facilities as she has been doing for quite some time now. There was no evidence developed regarding the availability of alternative treatment centers situated in close proximity to the Alfano household.
It should be noted that the defendant asserts that her dependence on prescriptive drugs arose from the alleged malpractice of her treating physician. In this regard, she maintains she did not initiate her use of illicit drugs on a voluntary basis but rather was following the prescriptions of a treating medical doctor licensed by the State of New Jersey. For the purposes of this ruling, the court will accept such contentions.
Further, the court has no reason to doubt the genuineness of defendant's efforts to seek treatment for her admitted drug problem. Indeed, even the prosecuting attorney, on the date for argument, conceded that Mrs. Alfano appears to be genuinely motivated to seek a cure for her drug problem.
The court is now faced with the prosecutor's motion to modify the sentence notwithstanding the fact that all involved with the process have concluded that a postponement of the period of suspension in this particular case, considering defendant's circumstances, would be both fair and just. Moreover, no one disputes that an appropriate aim of the State of New Jersey is to educate drug users, even those charged with criminal offenses, in hopes that future drug use will be minimized. On the other hand, it is also a legitimate State purpose to minimize the possibility of one driving while under the influence of a controlled dangerous substance. In addition, the suspension of a defendant's driving privileges in the context of these charges has its appropriate punitive aspects.
Thus, the court must determine whether the postponement of defendant's period of suspension of her driving privileges, which might be fair and just in this case, is allowable pursuant to N.J.S.A. 2C:35-16.
As earlier noted the State now moves to correct what it perceives to be an illegal sentence which postponed the period *142 of suspension of defendant's driving privileges. It is well established that a trial court may at any time correct an illegal sentence. State v. Paladino, 203 N.J. Super. 537, 549, 497 A.2d 562 (App.Div. 1985). Thus, there are no time constraints preventing the court's consideration of the State's motion.
The two issues to be resolved are whether in fact the postponement of the period of suspension of the defendant's driving privileges is an illegal sentence under the law. If it is determined that in fact the sentence is illegal, the resulting issue concerns the court's authority to deviate from the law should it be determined that a fair and just result allows for the suspension of the defendant's driving privileges.
The provisions of N.J.S.A. 2C:35-16 provide that anyone convicted under the act must forfeit his driving privileges for a minimum period of six months. The statute goes on to direct that the period of suspension "shall commence on the day the sentence is imposed." After diligent research, the court finds no reported cases interpreting the language of the statute as pertinent here.
It has been well established that in areas of ambiguity, the sentencing court has wide discretion in its imposition of sentence just as long as the statutory limits are observed. State v. Pohlabel, 61 N.J. Super. 242, 251, 160 A.2d 647 (App. Div. 1960). Further, the provisions of N.J.S.A. 2C:43-2(b) provides authority for the trial court to suspend the imposition of a sentence. The defendant argues that given the court's power to suspend a sentence, it follows that the court, therefore, has the inherent power to postpone or delay the suspension of the defendant's driving privileges.
It is elementary in terms of statutory construction that the court cannot superimpose its concept of what is fair and just when interpreting a statute which is clear and unambiguous on its face. Sutherland Statutory Construction, § 45.02 (1992). The court, in that circumstance, must carry out the *143 legislative will in its interpretation of the statute. DeHart v. Bambrick, 177 N.J. Super. 541, 427 A.2d 113 (App.Div. 1981).
It is only when interpreting statutes which are ambiguous or which contain doubtful or circuitous language that the court may go forward utilizing principles of statutory construction. Id. at 549, 427 A.2d 113.
In the circumstance of clear and unambiguous language, the court's function is merely to ascertain the intent of the legislature derived from a plain meaning of the statute. Further, in such circumstances the words contained in the statute should be given their ordinary and well understood meaning. McCord v. Bailey, 636 F.2d 606 (D.C. Cir.1980). Any attempt by the court to construct and interpret the meaning of a clear and unambiguous statute is to do violence to the principle of separation of powers. Watt v. Mayor of Franklin, 21 N.J. 274, 277, 121 A.2d 499 (1956). It is for the legislature to adopt laws. If a law should be amended, the legislature must act. If the legislature fails to act, then the people hold the ultimate power, the power to vote. It is not for the court, which has not been elected, to overcome the will of the people as expressed in their duly elected and constituted legislature. Safeway Trails, Inc. v. Furman, 76 N.J. Super. 90, 96, 183 A.2d 788 (Law Div. 1962).
The language of N.J.S.A. 2C:35-16 is plain and unambiguous and does not allow for judicial construction. The language is not capable of being understood in any other sense than that the suspension "shall" take place on the day sentence is imposed. Reasonably well informed people, reading the statute, could only come to this interpretation. This court will, therefore, not go beyond the plain language as set forth in the body of the statute.
Thus, the state's motion to modify the judgment of conviction is granted. The defendant's driving privileges are revoked for a period of six months commencing immediately. Mrs. Alfano *144 is directed to immediately turn over her driver's license to the clerk of this court.