priate curative action. *See State v. Frost,* 158 *N.J.* 76, 89, 727 *A.*2d 1 (1999).

Reversed and remanded for trial.

744 A.2d 709

STATE OF NEW JERSEY IN THE INTEREST OF A.B.

D.O.B. 11/2/82.

Superior Court of New Jersey
Chancery Division
Family Part
Bergen County

Decided July 26, 1999.

*Kevin Bremer*, Assistant Prosecutor for the State.

*Matthew J. Catania,* for A.B.

ROMA, J.S.C.

The question before this court is one of first impression in New Jersey. In fact, no state has ever addressed the present issue: whether a juvenile may be charged with Endangering the Welfare of a Child by engaging in the photography of a minor engaged in a prohibited sexual act as proscribed by *N.J.S.A.* 2C:24–4b. While many courts had devoted much analysis to numerous issues surrounding the Child Endangerment statute, this is the first time that the court has been asked to analyze the meaning of the term "person" within the provision.

**I**

On May 13, 1999, the juvenile, A.B., age 16, took photographs of Y.F., age 15, while the latter was nude. A.B. refused to relinquish the photographs to Y.F. and subsequently showed them to friends. The juvenile was charged with Endangering the Welfare of a Child, in violation of *N.J.S.A.* 2C:24–4b(4).

Defense counsel puts forth a twofold argument in support of the defendant. The first argument is premised on the assertion that the "Child Endangerment" statute, by making no clear reference to acts committed by a child, is inapplicable to juvenile actors. Second, defense counsel argues that even if the Court should find *N.J.S.A.* 2C:24–4b to be applicable to juvenile actors, the statute is inapplicable as it applies to the facts here because the statute requires that the photographs be taken of a minor engaged in a "prohibited act," which the defense counsel alleges is absent here.

For the following reasons, the Court finds *N.J.S.A.* 2C:24–4b to be applicable to juveniles.

## II

The defense's first—and most novel—argument is that the statute with which defendant is charged is inapplicable to juveniles. The statute in issue is *N.J.S.A.* 2C:24–4b(3), and falls under the title of "Endangering the Welfare of Children." In pertinent part, it provides that

"Any person who photographs or films a child in a prohibited sexual act or in the simulation of such an act or who uses any device, including a computer, to reproduce or reconstruct the image of a child in a prohibited sexual act or in the simulation of such an act is guilty of a crime of the second degree. ."

This challenge to the Child Endangerment statute is a novel one. Since this is a unique issue, there is very little case law—in either New Jersey or any other jurisdiction—to help in the resolution of this matter. Therefore, both the defense and the prosecution must look to statutory interpretation and legislative intent for guidance. The defense's primary contention is that it was not the intent of the legislature to punish acts of endangering the welfare of a child when committed by another child.[1] However, by premising its argument solely on an analysis of the legislative intent behind the "Endangering the Welfare of Children" statute, the defense is asking the court to interpret *N.J.S.A.* 2C:24–4b beyond its language. However, where a statute is clear and unambiguous, it is not open to construction or interpretation, and a court may not indulge in any interpretation other than is called for by its express language. *DeHart v. Bambrick,* 177 *N.J.Super.* 541, 427 *A.*2d 113 (App.Div.1981); *Fisher v. New Jersey State Parole Bd.,* 303 *N.J.Super.* 229, 696 *A.*2d 739 (App.Div.), *certif. den.* 152 *N.J.* 190, 704 *A.*2d 20 (1997); *Eagle Plaza Associates v. Voorhees Tp.,* 6 *N.J. Tax* 582 (1984); *Duke Power Co. v. Patten,*

---

[1] *N.J.S.A.* 2C:24–4b(5)(a), comment 1 ("This statute was designed to prevent adults from preying on children.") This statement embodies the extent to which the legislative comments give reference to the purpose of *N.J.S.A.* 2C:24–4.

20 *N.J.*42, 118 *A.*2d 529 (1955); *State v. Alfano,* 257 *N.J.Super.* 138, 143, 607 *A.*2d 1378 (Law Div.1992) (court cannot superimpose its concept of what is fair and just when interpreting a statute which is clear and unambiguous on its face, but rather, must carry out the legislative will in its interpretation of the statute).

The statute in question appears to be clear and unambiguous on its face. Its use of the phrase "any person" to signify the actor against whom the statute is applicable serves to bring all actors who violate the provisions within its scope, regardless of age. The term "person" is not defined in the statute. However, the term "child" is defined as "any *person* under the age of 16." Clearly, this definition implies that children—e.g. individuals under the age of 16—fall under the rubric of "person" as that term is intended.

Nevertheless, defense counsel asks the court to look past the clear and unambiguous language of *N.J.S.A.* 2C:24-4b and examine its application in light of the Comments that follow the statute. Comment 1 states that "the statute was designed to prevent adults from preying on children." The defense is correct in its assertion of the objective behind the statute. However, *N.J.S.A.* 2C:24-4b does not attain this objective if it limits its reach to actors who are adults. In affording the states greater leeway in regulating child pornography, the United States Supreme Court indicated a number of harms caused by child pornography, all of which would be prevalent regardless of the age of the actor who created or distributed the material. *New York v. Ferber,* 458 *U.S.* 747, 102 *S.Ct.* 3348, 73 *L.Ed.*2d 1113 (1982). The harms enunciated in *Ferber* from which children need to be protected include the immediate physical and psychological harm to the child's well-being, as well as the long-term harm caused by the permanent record that is placed upon a victim of child pornography in that she must live with the knowledge that such material has been distributed and circulated to the masses.[2] There are many ways

---

[2] 6 Seton Hall Const. L.J. 221, 233 Barbara M. Ryga, Cyberporn: Contemplating the First Amendment in Cyberspace (1995) (An analysis of the *Ferber*

that an adult can prey on a child: one way is through creating and distributing child pornography, and another way is through physical or sexual abuse. Regardless of who is responsible for putting such material out to the public, once the material is released, the potential for adults to prey on children is created.

Additional support for the proposition that a juvenile can be charged under *N.J.S.A.* 2C:24–4b is found in the New Jersey Code of Juvenile Justice, which governs the adjudication of juvenile matters in New Jersey. *N.J.S.A.* 2A:4A–20. The purpose of the Code, as laid out in *N.J.S.A.* 2A:4A–21, is to remove from children committing delinquent acts certain statutory consequences of criminal behavior and substituting adequate programs of supervision. At the same time, the Code retains the purpose of protecting public interests. Under *N.J.S.A.* 2A:4A–23 of this provision, any act committed by a juvenile which, if committed by an adult would constitute a crime, gives grounds for a charge of delinquency.

Finally, there is the "Notification Procedures for Release of Certain Offenders" provision of *N.J.S.A.* 30:4–123.53a, which outlines procedures to be followed by the Department of Corrections and Juvenile Justice Commission upon the release of particular offenders. The provision calls for written notice to the county prosecutor by each respective department upon the anticipated release from incarceration of offenders of certain crimes. In the case of juveniles, the Juvenile Justice Commission is responsible for the reporting of the anticipated release from incarceration of a

"juvenile adjudicated delinquent on the basis of an offense which, if committed by an adult, would constitute murder; manslaughter; aggravated sexual assault; sexual assault; aggravated assault; aggravated criminal sexual contact; kidnapping pursuant to paragraph (2) of subsection c. of *N.J.S.A.* 2C:13–1; endangering the welfare of a child by engaging in sexual conduct which would impair or debauch the morals of the child pursuant to subsection a. of *N.J.S.A.* 2C:24–4; *endangering the welfare of a child pursuant to paragraph (4) of subsection b. N.J.S.A. 2C:24–4...*" (italics added).

decision and its emphasis on the significant differences between child pornography and regular pornography).

This provision clearly establishes that juveniles in fact were intended to fall within the scope of potential actors under *N.J.S.A.* 2C:24–4(b). Therefore, because of the clear and unambiguous language of *N.J.S.A.* 2C:24–4(b), taken in conjunction with the legislative intent and additional provisions referring to juveniles adjudicated delinquents pursuant their violation of the Child Endangerment statute, this Court finds *N.J.S.A.* 2C:24–4(b) to be applicable to juveniles.

## III

The defense next argues for dismissal on the grounds that a crucial aspect of the statute—the requirement of a reconstruction or portrayal of the child victim in "a prohibited sexual act or in the simulation of such an act"—is missing. The "prohibited sexual acts" that the aforementioned provision refers to are enumerated in *N.J.S.A.* 2C:24–4b(1)(a)–(j).[3] Included among the enumerated acts is "nudity, if depicted for the purpose of sexual gratification of any person who may view such depiction." It is possible that the victim's acts while the juvenile was taking the photographs constituted the enumerated prohibited sexual act of "nudity depicted for the purpose of sexual gratification of any person who may view such depiction." This is a question of fact, however, that is reserved for trial.

## IV

The court finds *N.J.S.A.* 2C:24–4(b) to be applicable to juvenile actors, such a finding being supported by both the clear and unambiguous language and legislative intent of the statute.

---

[3] The list of "prohibited sexual acts" under *N.J.S.A.* 2C:24–4b(1) include the following: (a) sexual intercourse; (b) anal intercourse; (c) masturbation; (d) bestiality; (e) sadism; (f) masochism; (g) fellatio; (h) cunnilingus; (i) nudity, if depicted for the purpose of sexual gratification of any person who may view such depiction; or (j) any act of sexual penetration or sexual contact as defined in *N.J.S.A.* 2C:14–1.

Therefore, based upon the foregoing findings, the juvenile's motion to dismiss the complaint is denied.