# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1056-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

OLVIN A. AGUILAR,

     Defendant-Appellant.

_____

        Submitted September 13, 2021 – Decided September 21, 2021

        Before Judges Fasciale and Sumners.

        On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 17-08-0880.

        Michael J. Cennimo, attorney for appellant.

        Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Nancy A. Hulett, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Olvin A. Aguilar appeals the denial of his motion to withdraw his guilty plea to third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(1). He argues:

POINT I

THE [TRIAL] COURT COMMITTED PLAIN ERROR BY DENYING THE MOTION TO WITHDRAW THE GUILTY PLEA BECAUSE THE FACTUAL BASIS WAS INADEQUATE AS A MATTER OF LAW.

POINT II

IF THE SEXUAL CONDUCT ADMITTED TO HERE "AUTOMATICALLY" CONSTITUTED ENDANGERING THE WELFARE OF A CHILD, THERE WOULD BE AN IRRESOLVABLE CONFLICT BETWEEN N.J.S.A. 2C:24-4(a)(1) AND N.J.S.A. 2C:14-2 [ ].

We affirm because the plea record reflects defendant gave an adequate factual basis that he endangered the welfare of a child through sexual contact that impaired or debauched her morals.

A Middlesex County grand jury indicted defendant for second-degree sexual assault by an act of sexual penetration upon M.H.,[1] on or between June 1, 2016 and June 30, 2016, when M.H. was at least thirteen years old but less than sixteen years old, and defendant being at least four years older, N.J.S.A.

---

[1] We use initials for the minor victim to protect her privacy. R. 1:38-3(c)(9).

A-1056-19

2C:14-2(c)(4) (count one); fourth-degree criminal sexual contact for the purpose of sexually arousing or sexually gratifying defendant or to humiliate or degrade M.H. on or between June 1, 2016 and June 30, 2016, when M.H. was at least thirteen years old but less than sixteen years old, and defendant being at least four years older, N.J.S.A. 2C:14-3(b) (count two); and third-degree endangering the welfare of a child on or between June 1, 2016 and June 30, 2016, when defendant engaged in sexual conduct with M.H., a child under the age of eighteen, which would impair or debauch her morals, N.J.S.A. 2C:24-4(a)(1) (count three).

Nine months later, the State and defendant reached an agreement whereby defendant pled guilty to third-degree endangering the welfare of a child in consideration for the dismissal of the two other charges. Defendant gave the following factual basis for his guilty plea:

> [DEFENSE COUNSEL]: Mr. Aguilar, do you know an individual, initials M.H., who was born on October 8th, 2000?
>
> [DEFENDANT]: Yes.
>
> [DEFENSE COUNSEL]: And well in the City of New Brunswick, in the County of Middlesex, did you engage in sexual conduct with M.H.?
>
> [DEFENDANT]: Yes.

3

[DEFENSE COUNSEL]: And this conduct occurred before she had turned [eighteen]. Is that correct?

[DEFENDANT]: Yes.

[DEFENSE COUNSEL]: And you understand that conduct . . . can impair or debauch the morals of a child under the age of eighteen?

[DEFENDANT]: Yes, I understand.

The State agreed it would recommend defendant serve a three-year prison sentence, subject to parole supervision for life, N.J.S.A. 2C:43-6.4, and Megan's Law, N.J.S.A. 2C:7-1 to -23. The plea judge, however, deviated from the State's recommendation and sentenced defendant to three years of probation, conditioned on him serving 364 days in the county jail.[2]

Almost two years later, when defendant became subject to deportation proceedings due to his conviction, he moved to withdraw his guilty plea, citing Rule 3:9-3(e), claiming that he provided an inadequate factual basis for his plea. Following the State's opposition, defendant's reply brief acknowledged his motion was incorrectly based on Rule 3:9-3(e), which provides that to withdraw a guilty plea prior to sentencing is done in the interest of justice. Thus, he asked

---

[2] The sentencing transcript was not provided in the record. Thus, we are unable to ascertain why the judge did not sentence defendant in accordance with the plea agreement.

A-1056-19

the court to consider the motion under Rule 3:21-1, which provides that to withdraw a guilty plea after sentencing requires a showing of manifest injustice.

Following argument, the motion judge, who was not the plea and sentencing judge, issued an order denying the motion. In her oral decision, the judge stated she considered the merits of the motion under Rule 3:21-1 and not Rule 3:9-3(e), as defendant requested in his reply brief. Applying the four-prong test under State v. Slater, 198 N.J. 145, 157-158 (2009) to determine whether a defendant can withdraw a guilty plea, the judge found there was no basis to grant defendant's motion. The crux of the judge's reasoning was that defendant's "plea transcript clearly show[ed] . . . defendant admitted to engaging in sexual contact with M[.]H[.] when she was under the age of [eighteen]."

In addition, the judge rejected defendant's argument that his factual basis was deficient because he did not admit his sexual contact with M.H. involved aggravating circumstances. The judge ruled the child endangering statute, N.J.S.A. 2C:24-4(a)(1), did not require the element of aggravating circumstances for a third-degree offense. The judge also dismissed defendant's contention that he had to be M.H.'s caretaker to be guilty of the offense because the statute did not require such a relationship. In sum, the judge found there was a no manifest injustice in allowing defendant's guilty plea to stand.

A-1056-19

Before us, defendant argues his guilty plea was inadequate because "he admitted only to sexual conduct with an individual younger than eighteen (but older than sixteen) and did not admit to any other conduct 'which would impair or debauch the morals of the child,'" a necessary element of N.J.S.A. 2C:24-4(a)(1). Because there was "no indication of force, threat, coercion[,] or any relationship[,] either familial or supervisory[,] that would make [him] liable to a conviction for sexual assault and/or criminal sexual conduct pursuant to N.J.S.A. 2C:14-2 [ ]," defendant posits there "would be an irresolvable conflict of [c]onstitutional magnitude to hold him criminally liable [under] N.J.S.A. 2C:24-4[(a)](1) for . . . conduct . . . not criminalized [under] N.J.S.A. 2C:14-2, . . . [without additional] proof. . . that the sexual conduct in question would tend to impair or debauch the morals of . . . [M.H.]"

Based on our de novo review, State v. Tate, 220 N.J. 393, 403-04 (2015), we discern no basis to grant defendant relief. Because "the issue [presented] is solely whether an adequate factual basis supports a guilty plea, a Slater analysis is unnecessary." Id. at 404. Contrary to defendant's argument, we agree with the motion judge that his plea colloquy established that he was guilty of third-degree child endangering.

6

"[T]hird-degree endangering the welfare of a child requires proof only that the victim is a child and sexual conduct by any person 'which would impair or debauch the morals of the child.'" State in Interest of D.M., 238 N.J. 2, 18 (2019) (citing N.J.S.A. 2C:24-4(a)(1)). The Legislature provided no great specificity about what was being criminalized by N.J.S.A. 2C:24-4(a) beyond the general description contained in the statute itself. The term "sexual conduct" is not defined by N.J.S.A. 2C:24-4(a) or elsewhere in the Criminal Code, but our Supreme Court has held that the phrase includes sexual assaults and sexual contacts, State v. Perez, 177 N.J. 540, 553 (2003), as well as conduct that does not constitute an assault or contact, D.M., 238 N.J. at 20 n.6, limited only by the modifying phrase: "which would impair or debauch the morals of a child." In D.M., the Court held that a juvenile could be adjudicated delinquent under N.J.S.A.2C:24-4(a)(1), even when the specific conduct did not involve sexual penetration, force, or coercion, and the juvenile and the victim are fewer than four years apart in age. Id. at 20. Had the Legislature intended the elements of sexual assault, N.J.S.A. 2C:14-2, to prove the elements of child endangering, N.J.S.A. 2C:24-4(a)(1), it would have incorporated such language into the endangering statute. Ibid.

A-1056-19

Defendant contends D.M. is distinguishable from his case and does not support affirmance of the denial of his guilty plea withdrawal motion. He maintains the victim in D.M. "was only eleven years old, and incapable of entering into a consensual sexual relationship under any scenario pursuant to New Jersey's [s]exual [a]ssault and [c]riminal [s]exual [c]ontact statutes[,]" whereas the sixteen-year-old M.H. was capable of consenting to a sexual relationship with an adult in New Jersey. He also contends the trial court in D.M. specifically found that the sexual conduct in question "would tend to debauch and impair the morals of a child." We disagree.

D.M. applies here because it stands for the proposition that for a defendant to be guilty of third-degree child endangering, there only needs to be sexual conduct that impairs or debauches the morals of a child. No sexual contact, such as touching or penetration, is necessary. The fact that the victim in D.M. was eleven years old is of no import. Defendant's admission that he engaged in sexual conduct with M.H. that impaired or debauched her morals satisfied the elements of third-degree child endangering. There was no need for the State to independently establish the element of impairing or debauching the morals of M.H. Defendant's guilty plea was sufficient, and despite his pending deportation proceeding, we discern no manifest injustice in allowing his plea to stand.

A-1056-19

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1056-19