<div style="border:1px solid">

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

</div>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2835-22

IN THE MATTER OF THE
ESTATE OF ALLAN D.
YORKOWITZ, DECEASED.

---

Submitted August 27, 2024 – Decided September 4, 2024

Before Judges DeAlmeida and Marczyk.

On appeal from the Superior Court of New Jersey, Chancery Division, Probate Part, Middlesex County, Docket No. 265728.

Charles C. Berkeley, attorney for appellant/cross-respondent Jeffrey Suckow.

Lindabury, McCormick, Estabrook & Cooper, PC, attorneys for respondent/cross-appellant Billy Perialis (Steven Backfisch and Donald C. Pierce, of counsel and on the brief).

PER CURIAM

Defendant Jeffrey Suckow appeals from the Chancery court's orders dated November 3 and 9, 2021, February 15, 2022, and February 8, 2023. Plaintiff Billy Perialis cross-appeals from the court's February 8, 2023 and April 13, 2023

orders. Based on our review of the record and the applicable legal principles, we vacate the orders on appeal and remand for proceedings consistent with this opinion.

I.

Decedent Allan Yorkowitz died testate on May 28, 2019. In July 2019, the Middlesex County Surrogate admitted decedent's will to probate and issued Perialis letters testamentary. Yorkowitz's August 2018 will devised certain real estate to Perialis and named him executor of the estate. Suckow was the sole residuary beneficiary under Yorkowitz's will. In September 2019, Perialis filed a verified complaint seeking to admit Yorkowitz's handwritten codicil, dated February 24, 2019, to probate. In November 2019, Suckow filed a caveat to the codicil. The disputed codicil provided, among other bequests, that Perialis's family would receive $500,000 in cash from the estate.

Following a three-day trial in July 2021, the court issued an order voiding the codicil, finding it was the result of undue influence exerted by Perialis upon Yorkowitz. Although the court determined the codicil was authored by the decedent and was written with testamentary intent, it found Perialis failed to meet his burden to overcome the presumption of undue influence.

A-2835-22

Suckow subsequently moved to remove Perialis as executor and direct that Perialis reimburse the estate for commissions, counsel fees, and costs paid on his behalf from the estate. On November 3, 2021, the court denied Suckow's request to remove Perialis as executor, finding the estate was "mostly settled, and removing and replacing an executor would create unnecessary expenses" for the estate. The court further denied Suckow's request for Perialis to reimburse the estate for his commission and counsel fees. The court also determined both parties' counsel fees and litigation costs would be paid by the estate. On November 9, 2021, the court amended the order adjusting certain dollar amounts set forth in the November 3, 2021 order.

In December 2021, Suckow moved for reconsideration of the November 9, 2021 order. On February 15, 2022, the court denied the application. The court amended the amounts for counsel fees payable to Perialis's attorneys, David Foltz and Joseph Triarsi. The court also ordered the estate to bear the costs related to Perialis's medical expert, Dr. Samuel Herschkowitz, and his handwriting expert, John Paul Osborn. The court further ordered Perialis to file a formal accounting when the estate was closed.

In August 2022, Perialis filed a formal accounting with the Surrogate's Office. In September 2022, Perialis filed a verified complaint to settle the

A-2835-22

formal accounting. Suckow filed an answer, exceptions, and a counterclaim in November 2022. On February 8, 2023, the trial court entered an order denying the commission payable to Perialis and a portion of the counsel fees paid to Perialis's attorney Triarsi. The court also denied reimbursement for Perialis's expert Dr. Herschkowitz. The court, however, allowed fees payable to Perialis's handwriting expert Osborn. Moreover, despite Suckow's application asking the court to deny Foltz's attorney fees, the court ordered that Foltz's attorney fees were to be paid. The court did not provide a statement of reasons for the February 8, 2023 order.

Perialis moved for reconsideration of the February 8, 2023 order. The court rendered an oral decision, described more fully below, denying Perialis's motion. The decision was embodied in the court's April 13, 2023 order.

II.

The issues before us on this appeal and cross-appeal are confined to the trial court's allocation of the parties' counsel fees, expert fees, and the court's disallowance of Perialis's executor commission.

In a will contest, the allowance of counsel fees and costs under Rule 4:42-9(a)(3)[1] is discretionary. Rendine v. Pantzer, 141 N.J. 292, 317 (1995). "[F]ee determinations by trial [judges] will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion." Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001) (quoting Rendine, 141 N.J. at 317). Similarly, the allowance of commissions under N.J.S.A. 3B:18-13 and -14 is a discretionary determination which will not be disturbed unless there has been an abuse of discretion. See In re Est. of Moore, 50 N.J. 131, 149 (1967). An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

A.

---

[1] Rule 4:42-9(a)(3) provides that in a probate action, "[i]f probate is granted, and it shall appear that the contestant had reasonable cause for contesting the validity of the will or codicil, the court may make an allowance to the proponent and the contestant, to be paid out of the estate." In accordance with this rule, courts may allow counsel fees to the contestant in a will dispute "[e]xcept in a weak or meretricious case." In re Prob. of Will & Codicil of Macool, 416 N.J. Super. 298, 313 (App. Div. 2010) (alteration in original) (quoting In re Reisdorf, 80 N.J. 319, 326 (1979)).

Suckow argues the court erred by declining to direct Perialis to reimburse the estate for all counsel fees and costs incurred for the litigation regarding the codicil that was voided based upon the court's finding of undue influence. Suckow contends the court erred by not properly applying In re Will of Landsman, 319 N.J. Super. 252 (App. Div. 1999), and In re Niles Trust, 176 N.J. 282 (2003). Suckow asserts that given the court's determination the codicil was the result of undue influence, Perialis attempted to expand his beneficial interest in the estate beyond what he received under the will. Therefore, he argues Perialis should be responsible for payment of all counsel fees and costs incurred by the parties as a result of the litigation that ensued. Because of the financial damage Perialis caused the estate by litigating over the codicil, Suckow maintains it was not equitable that the trial judge refused to direct Perialis to reimburse the estate for all counsel fees and expert costs incurred.

Accordingly, Suckow requests that we reverse the trial court's determination and require Perialis to reimburse the estate for: 1) counsel fees and costs in the sum of $88,215.67 paid to David Foltz, Esq., for the codicil litigation; 2) counsel fees and costs in the sum of $98,551.87 paid to Karen K. Saminski, Esq., for the codicil litigation; 3) counsel fees and costs in the sum of

6

$77,343.75 paid to Charles Berkeley, Esq.; and 4) $2,800 paid to Perialis's handwriting expert Osborn.

Perialis counters that the trial court properly exercised its discretion in ordering the parties' legal fees and costs to be paid from the estate. He asserts Suckow misconstrues the holdings of Landsman and Niles, and that neither case created a brightline rule that would divest the trial court of discretion when a codicil is voided due to undue influence. Perialis contends that Suckow is seeking a remedy "tantamount to charging the losing part[y] with the prevailing part[y's] counsel fees," Niles, 176 N.J. at 296, which Perialis claims is contrary to New Jersey's public policy against fee-shifting and our courts' adoption of the "'American Rule,' which prohibits recovery of counsel fees by the prevailing party against the losing party" unless authorized by statute, court rule, or contract. In re Est. of Vayda, 184 N.J. 115, 120 (2005) (quoting Niles, 176 N.J. at 294). He maintains the court properly shifted the fees of all parties to the estate under Rule 4:42-9(a)(3). Perialis asserts the trial court properly distinguished Niles because Perialis, unlike the parties in Niles who unduly influenced the decedent, was not a stranger to the testator and did not carry out a scheme to place himself into a position to seize control of his assets. See Niles,

A-2835-22

176 N.J. at 286. He notes decedent empowered him under his will, and there was no finding that he used his undue influence to become the estate's executor.

Perialis further asserts the court properly exercised its discretion in permitting the parties' legal fees to be paid from the estate and that the court properly distinguished the Landsman case because the court found that this was a "well-contested matter." See Landsman, 319 N.J. Super. at 252. Because the court found that both parties had reasonable cause for contesting the validity of the codicil, and that Perialis was obligated to bring the codicil to the Surrogate's attention, the court noted the "[l]itigation involved more than just a claim for undue influence," as Suckow had also challenged whether the decedent wrote the codicil and whether it was intended to express testamentary intent. In short, he notes the court properly applied Rule 4:42-9(a)(3) and rationally explained its finding that both Niles and Landsman were distinguishable.

B.

Perialis asserts in his cross-appeal that the trial court abused its discretion when it disallowed his executor commission, a portion of the estate's legal fees, and the fees for Dr. Herschkowitz in its February 8 and April 13, 2023 orders. He contends the court failed to provide an adequate statement of reasons and that its holding was inconsistent with earlier rulings on the same issue which

approved the very same costs. He asserts there was "always going to be a fight over the [c]odicil," and whether the codicil was submitted initially with the will in July 2019, or separately in September 2019, was inconsequential. Perialis emphasizes the trial court had previously determined it was reasonable for him to bring the codicil to the Surrogate's attention and that he had an obligation to do so.

Perialis asserts the trial court acted arbitrarily in disallowing his executor commission contrary to the thorough and well-reasoned decision initially entered on February 15, 2022. He contends it was "incongruent" for the court to say that Perialis had an obligation to bring the codicil to the Surrogate's attention, but at the same time, penalize him for doing so. Moreover, the court noted Perialis's actions were done at the advice of his attorney at the Triarsi law firm. He further contends the court did not square its ruling that his undue influence was "significant" with its earlier findings that his conduct did not rise to the level demonstrated in <u>Niles</u> or <u>Landsman</u> or the court's prior finding Yorkowitz had not been "maliciously deceived" or defrauded.

Perialis next contends the court failed to provide adequate findings of fact when it disallowed a portion of the estate's legal fees and the fees for Dr. Herschkowitz. He asserts there is no explanation as to why the court allowed

fees for his handwriting expert but not for his medical expert. He further contends the court gave an insufficient explanation for disallowing counsel fees to the Triarsi firm. Rather, the court simply stated the Triarsi firm's fees exceeded "the agreed amount to represent the [e]state." He contends the court did not provide a specific finding regarding any retainer agreement. He notes the retainer stated, "[a]t this time, it is impossible to tell exactly how much time and effort will be required," but that the fees would be capped at three percent of the total gross estate. The cap provision, however, was qualified by the disclaimer: "[i]f there is no litigation . . . or other complications, which require an abnormal amount of work." Perialis states that the Triarsi firm reasonably exceeded the three-percent cap given the involved litigation regarding the codicil.

Suckow maintains the court properly exercised its discretion by disallowing Perialis's commission, the Triarsi firm's additional fees, and the expert fees of Dr. Herschkowitz.

### C.

We begin by observing that Rule 1:7-4(a) requires that "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury, on every

10

motion decided by a written order that is appealable as of right . . . ." Findings of fact and conclusions of law are also required "on every motion decided by [a] written order[ ] . . . appealable as of right." Schwarz v. Schwarz, 328 N.J. Super. 275, 282 (App. Div. 2000) (quoting R. 1:7-4(a)). Without a statement of reasons, "we are left to conjecture as to what the judge may have had in mind." Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990). "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Ibid.

To be sure, a trial court may revisit its prior interlocutory decisions. "[W]here . . . litigation has not terminated, an interlocutory order is always subject to revision where the judge believes it would be just to do so." Lombardi v. Masso, 207 N.J. 517, 536 (2011). "[T]he trial court has the inherent power, to be exercised in its sound discretion, to review, revise, reconsider and modify its interlocutory orders at any time prior to the entry of final judgment." Johnson v. Cyklop Strapping Corp., 220 N.J. Super. 250, 257 (App. Div. 1987). However, "once the judge has determined to revisit a prior order, he needs to do more than simply state a new conclusion. Rather, he must apply the proper legal standard to the facts and explain his reasons." Lombardi, 207 N.J. at 537. The issue before us is that the court's rationale for its decision to deny Perialis's

commission, Triarsi's counsel fees, and the expert fee of Dr. Herschkowitz was either not adequately explained, or it appears to undermine the court's prior decision—also before us on appeal—to allow for Perialis's attorney Foltz and expert Osborn to be paid by the estate.

We are mindful of the time and effort the court expended in the underlying trial and the multiple post-trial applications. However, the court did not provide sufficient reasons for portions of its decision and did not reconcile certain aspects of its February 8 and April 13, 2023 decisions with its prior rulings in this matter.

We cannot determine the court's rationale for denying reimbursement of the expert fee for Dr. Herschkowitz. The February 8, 2023 order denying his fees did not contain a statement of reasons. The subsequent motion for reconsideration also did not address the reason for denying Dr. Herschkowitz's fee. Moreover, it is not clear why the court granted Perialis's request for fees associated with his handwriting expert Osborn but not for Dr. Herschkowitz.

Next, in initially approving Perialis's commission, Foltz's and Triarsi's counsel fees, and reimbursement for Perialis's handwriting and medical experts in its oral opinion in February 2022, the court minimized the significance of its undue influence finding against Perialis at trial. The court "found . . . both

parties had reasonable cause for contesting the validity of the . . . codicil." It further noted the matter was "well[-]contested," and it determined it was "appropriate that the legal fees of both [parties] be paid out of the estate pursuant to Rule 4:42-9(a)[(3)]." In distinguishing Niles and Landsman, the court noted the "[l]itigation involved more than just a claim for undue influence" and also involved the authenticity of the codicil and "whether it was intended to be a codicil."

The court also determined "it was reasonable" for Perialis to have brought the codicil to the court's attention. The court found Perialis's conduct did not justify having him pay for Suckow's attorney fees or bearing his own attorney fees. Importantly, the court noted, "[d]espite the [c]ourt['s] finding that [Yorkowitz was] . . . undu[ly] influence[d] . . . the [c]ourt did not find [Yorkowitz] to be maliciously deceived or [subject to] fraudulent [conduct]." It noted Perialis's actions were "clearly distinguishable from the [elaborate] schemes [perpetrated] by the parties in Niles and Landsman."

However, in addressing Perialis's motion for reconsideration of the court's February 8, 2023 order denying Perialis's commission, certain fees for the Triarsi firm, and the expert fee for Dr. Herschkowitz, the court noted in its March 2023 oral opinion that it had an "opportunity to reflect on what actually

13

transpired." The court noted there was "quite a bit of waste and damage to the estate as a result of . . . Perialis'[s] behavior. The . . . undue influence . . . was very significant and . . . actually triggered the whole litigation, and . . . this [c]ourt found very troubling . . . the misrepresentation on the part of . . . Perialis to the [S]urrogate's office." The court further observed Perialis's "behavior generated really costly waste to the estate," and it could not find he was entitled to his commission based on the undue influence finding and his misrepresentation. The oral opinion did not discuss the Triarsi firm, but the order noted the firm's additional counsel fees were denied "as the fees exceed[ed] the agreed amount to represent the [e]state."

"When a trial court makes mutually contradictory findings of fact, it creates doubt in appellate disposition as to the applicable finding thus requiring reversal when the contradictory findings are implicated in the trial court's ultimate disposition of the matter." Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:7-4 (2024) (citing State in the Int. of D.M., 238 N.J. 2, 22 (2019)). Here, the court did not adequately set forth a basis for its ruling. We cannot reconcile the court's February 2022 findings with its March 2023 findings. We are therefore constrained to remand for the court to provide a proper statement of reasons pursuant to Rule 1:7-4 for the various orders on

A-2835-22

appeal in this matter. To the extent the court changed its mind regarding the significance of its finding that Perialis unduly influenced Yorkowitz and the conduct of Perialis and the Triarsi firm in delaying the submission of the codicil on both the award of Perialis's commission and Triarsi's fees, we cannot determine the impact, if any, on its prior decision allowing for Foltz's and Triarsi's fee reimbursement from the estate. We also cannot discern whether the court continues to believe that Niles and Landsman are "clearly distinguishable." Nor can we determine why the court ordered reimbursement for one of Perialis's experts but not the other.

In short, the court should specifically address anew—in the context of first clarifying its seemingly inconsistent findings regarding the relative significance and impact of its undue influence finding—the reasons for allowing or disallowing the various counsel fees, expert costs, and Perialis's commission. Our decision remanding this matter should not be construed as an opinion on the merits of either party's arguments.

Vacated and remanded for proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

15

A-2835-22